IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| CLAYTON GUNN, JR., | No. 2:19-CV-1729-KJM-DMC |
| Plaintiff, | |
| v. | ORDER |
| COUNTY OF BUTTE, et al., | |
| Defendants. | |

      Plaintiff, who is proceeding pro se, brings this civil action under § 1983 and California state law based on his allegations that local officials and courts illegally arrested, detained, and prosecuted him, among other wrongs. The matter was referred to a United States Magistrate Judge as provided by this court's local rules. On February 26, 2021, the Magistrate Judge filed findings and recommendations in response to a motion to dismiss filed by many of the defendants. ECF No. 27. These findings and recommendations were served on the parties and contained notice that any party may file objections within fourteen days. No objections to the findings and recommendations have been filed. Having reviewed the file, the court orders as follows.

      Under this District's Local Rules, an amended complaint may not incorporate a previous complaint by reference. *See* E.D. Cal. L.R. 220 ("Unless prior approval to the contrary is obtained from the Court, every pleading to which an amendment or supplement is permitted as a

1

matter of right or has been allowed by court order shall be retyped and filed so that it is complete in itself without reference to the prior or superseded pleading."). The court has thus disregarded all references to the original complaint in the First Amended Complaint, as recommended by the magistrate judge. *See* F&Rs at 14.

I.     **IMMUNITIES**

The claims against the Butte County Superior Court are **dismissed without leave to amend**. *See Hyland v. Wonder*, 117 F.3d 405, 413 (9th Cir.), *as amended on denial of reh'g*, 127 F.3d 1135 (9th Cir. 1997) (holding Superior Court is an "arm of the state of California" and immune from suit under Eleventh Amendment). The remainder of this order relates only to the other defendants.

Those defendants do not object to the magistrate judge's finding and recommendation that the complaint may plausibly be construed as asserting some claims to which they would not be immune under the Eleventh Amendment or their absolute prosecutorial immunity. *See* F&Rs at 16–17, ECF No. 27. The court adopts that conclusion.

Defendants Ramsey, Tufano, Honea, and Thao assert their qualified immunity. *See* Mot. Dismiss at 15, ECF No. 20-1. As explained below, the First Amended Complaint does not include allegations that "make out a violation of a constitutional right." *Pearson v. Callahan*, 555 U.S. 223, 232 (2009). Defendants Ramsey, Tufano, Honea, and Thao are thus entitled to qualified immunity in the face of the First Amended Complaint's federal claims. The court need not and does not consider whether the relevant law was clearly established at the time of the alleged violations.

**II. RULES 8(A) AND 12(B)(6).**

The first claim, for malicious prosecution in violation of 42 U.S.C. § 1983, is **dismissed with leave to amend**. The First Amended Complaint does not include factual allegations that allow the court to infer that plaintiff was prosecuted without probable cause and that all relevant "prior proceedings terminated in such a manner as to indicate [plaintiff's] innocence." *Awabdy v. City of Adelanto*, 368 F.3d 1062, 1067–68 (9th Cir. 2004).

/////

The second claim, also for malicious prosecution in violation of 42 U.S.C. § 1983, is **dismissed without leave to amend** as duplicative of the first claim.

The third and fourth claims, false arrest and false detention in violation of 42 U.S.C. § 1983, are **dismissed with leave to amend**. The First Amended Complaint does not include factual allegations that allow the court to infer that plaintiff was detained without probable cause. *See Baker v. McCollan*, 443 U.S. 137, 143 (1979).

The fifth claim, for cruel and unusual punishment in violation of 42 U.S.C. § 1983, is **dismissed with leave to amend**. The First Amended Complaint does not include factual allegations that allow the court to infer the defendants were deliberately indifferent to plaintiff's serious medical needs. *See Estelle v. Gamble*, 429 U.S. 97, 104–06 (1976). Nor does plaintiff allege he had been convicted at the time of the allegedly unconstitutional medical treatment. *See Bell v. Wolfish*, 441 U.S. 520, 535–36 (1979).

The sixth and eighth claims, for intentional infliction of emotional distress, defamation, and false light, are **dismissed with leave to amend**. These claims are derivative of plaintiff's federal claims. *See* First Am. Compl. at 19, 20–21.

The seventh and ninth claims, deprivation of due process rights and "campaign of harassment for violations of civil rights," both in violation of 42 U.S.C. § 1983, are **dismissed with leave to amend**. The complaint does not include a short and plain statement of the basis for the defendants' liability. *See* Fed. R. Civ. P. 8(a)(2).

## III. CONCLUSION

1. The magistrate judge's findings and recommendations are **adopted in part** as described above; the motion to dismiss is **granted with leave to amend in part**.
2. Any second amended complaint must be filed **within 30 days** of the date of this order.
3. This case is again **referred** back to the assigned magistrate judge for all pretrial proceedings, as provided by this District's local rules.

This order resolves ECF Nos. 20 and 27.

IT IS SO ORDERED.

DATED: March 31, 2021.

CHIEF UNITED STATES DISTRICT JUDGE