**IN THE UNITED STATES DISTRICT COURT**

**FOR THE EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| CLAYTON GUNN, JR., Plaintiff, v. COUNTY OF BUTTE, et al., Defendants. | No. 2:19-CV-1729-KJM-DMC<br><br>FINDINGS AND RECOMMENDATIONS |

Plaintiff, who is proceeding pro se, brings this civil action. Pending before the Court is the motion to dismiss, ECF No. 30, filed by Defendants County of Butte, Butte County Sheriff's Department, Butte County District Attorney's Office, Kory Honea, Vaj Thao, Michael Ramsey, and Michael F. Tufaro (County Defendants).[1] The parties appeared before the undersigned for a hearing on June 16, 2021, in Redding, California. Plaintiff appeared pro se. Matthew Gross, Esq., appeared for the County Defendants.

/ / /

/ / /

/ / /

/ / /

/ / /

[1] Defendant Butte County Superior Court has not been served.

# I. PROCEDURAL HISTORY

Plaintiff initiated this action with a complaint filed on September 3, 2019. See ECF No. 1. On January 31, 2020, the Court approved the parties' stipulation to allow the filing of a first amended complaint. See ECF No. 14. Plaintiff's first amended complaint was thereafter filed on March 13, 2020. See ECF No. 16. On April 7, 2020, the County Defendants moved to dismiss Plaintiff's first amended complaint. See ECF No. 20. On February 26, 2021, the Court issued findings and recommendations that the first amended complaint be dismissed with leave to amend. See ECF No. 27.

In adopting the findings and recommendations in substantial part on March 31, 2021, the District Judge made the following orders:

1. Defendant Butte County Superior Court is immune from suit under the Eleventh Amendment and all claims against Defendant Butte County Superior Court are dismissed without leave to amend. See ECF No. 28, pg. 2.

2. The first amended complaint may be plausibly construed as asserting some claims to which the remaining defendants would not be immune under the Eleventh Amendment or the doctrine of absolute prosecutorial immunity. See id.

3. Defendants Ramsey, Tufaro, Honea, and Thao are entitled to qualified immunity as to the federal claims alleged in the first amended complaint because those claims do not establish a violation of any constitutional right. See id.

4. Plaintiff's first claim, for malicious prosecution in violation of 42 U.S.C. § 1983, is dismissed with leave to amend because the first amended complaint does not include factual allegations to allow the Court to infer that Plaintiff was prosecuted without probable cause and that all relevant prior proceedings terminated in a manner to indicate Plaintiff's innocence. See id.

5. Plaintiff's second claim is dismissed without leave to amend as duplicative of the first claim. See id. at 3.

6. Plaintiff's third and fourth claims, for false arrest and false detention in violation of 42 U.S.C. § 1983, are dismissed with leave to amend because the First amended complaint does not include factual allegations that allow the Court to infer Plaintiff was detained without probable cause. See id.

7. Plaintiff's fifth and sixth claims, for cruel and unusual punishment in violation of 42 U.S.C. § 1983, are dismissed with leave to amend because the first amended complaint does not contain factual allegations that allow the Court to infer deliberate indifference to Plaintiff's serious

medical needs and Plaintiff does not allege that he had been convicted at the time of the allegedly unconstitutional medical treatment. See id.

8. Plaintiff's sixth and eighth claims, for intentional infliction of emotional distress, defamation, and false light, are dismissed with leave to amend as they are derivative of Plaintiff's federal claims. See id.

9. Plaintiff's seventh and ninth claims, for deprivation of due process rights and "campaign of harassment for violation of civil rights," both in violation of 42 U.S.C. § 1983, are dismissed with leave to amend because the first amended complaint does not contain a short and plain statement of the basis for liability, as required by Federal Rule of Civil Procedure 8(a)(2). See id.

Plaintiff was directed to file a second amended complaint within 30 days of the date of the District Judge's order. See id.

## II. PLAINTIFF'S ALLEGATIONS

This action now proceeds on Plaintiff's second amended complaint, see ECF No. 29, timely filed pursuant to the District Judge's March 31, 2021, order. As with the first amended complaint, Plaintiff outlines various "background/history" facts. See id. at 13-18. These facts are largely the same as those alleged in the first amended complaint.

According to Plaintiff, since the mid-1980s, Defendant Ramsey's father, Chet Ramsey, became close friends with Leah Martin Gunn, who was Plaintiff's grandmother. See id. at 13. Plaintiff states that Chet would often bring Leah large bottles of alcohol. See id. Plaintiff contends that, "at some point," he and his father, Clayton Gunn, Sr., learned that Chet was bringing Leah large bottles of hard alcohol and getting her intoxicated. See id. Plaintiff states that, as a result, "several companies have various ground leased [sic] to harvest the aggregates." Id. Plaintiff characterizes these allegedly fraudulent documents as "double leases" on gravel areas of the family ranch, known as the "Lucky 7 Ranch." Id. Plaintiff states: "Ultimately the Gunn family found themselves in a situation where they would be forced to settle the double leases resulting in sever [sic] losses over gravel royalties owed to the Lucky 7 Ranch." Id.

/ / /

/ / /

/ / /

Plaintiff adds:

> Upon learning of Chet Ramsey's activities, he was 'kicked off' the ranch by Clayton Gunn Sr. and Plaintiff. This resulted in Chet Ramsey being disgruntled to the point of resentment and retribution primarily towards Plaintiff Clayton Gunn Jr. Part of this retribution was to notify his son Defendant Michal Ramsey of what had occurred. Consequently, Defendant Michal Ramsey has taken measures described herein as part of his father's retribution campaign.

Id. at 13-14.

Plaintiff states that a criminal complaint was filed against him on August 27, 1996, by the Butte County District Attorney, Defendant Michal Ramsey, for theft by false pretenses. Id. at 14. In support of this allegation, Plaintiff cites Exhibit E to the second amended complaint. See id. According to Plaintiff, he pleaded guilty to a misdemeanor and agreed to pay $3,600 in restitution within 120 days with the understanding that, if he failed to do so, the matter would be re-charged as a felony. See id. Plaintiff states that he was unable to pay the full restitution amount within the 120-day period and, as a result, he was charged with and later convicted of a felony violation. See id. Plaintiff contends that he did not commit the alleged crime and that the charges were unfounded and should not have been brought. See id. at 6. Plaintiff then outlines a number of alleged facts he asserts show his innocence. See id. 14-15.

Next, Plaintiff claims:

> Clayton Gunn Jr. can also show that he stupidly/ignorantly hired one of the worst attorneys in Butte County's history to represent him. Grady Davis otherwise commonly referred to as "Shady Grady," or the "Butte Count Sell Out King," dragged Clayton Gunn Jr. to over an approximate 30-month period with approximately 30 plus court appearances. **EXHIBIT D**
>
> In the end, when the Judge was completely frustrated over having so many court appearances was "not in the mood' for yet another delay by Mr. Davis, Mr. Davis pleaded with Clayton Gunn Jr. to take the plea deal "wobbler" as explained above because Mr. Davis in his own words
>
> 'Had not prepared for trial.'
>
> Yet all Mr. Davis had to do was file a motion to dismiss due to lack of evidence by showing the Court that Clayton Gunn Jr. simply made a mistake and corrected it, illustrated by the actual document that Clayton Gunn Jr. delivered to the alleged victim Robyn Hoffman to show there was absolutely no intent to commit fraud through false pretenses. But Mr. Grady is infamous for selling out his clients by his intentional incompetent and intentional neglectful acts in an ongoing effort to demonstrate his

> ineffective counsel – in order to serve Defendant, Butte County District Attorney Michael Ramsey.
>
> Id. at 15.

Plaintiff states that, ultimately, the felony charge was reduced to a misdemeanor. See id. at 16. In support of this contention, Plaintiff cites Exhibit B. See id. Plaintiff adds:

> It is important to note to the Court that the Butte County Sheriff's Department issued "Officer's Bulletin" upon Plaintiff which was essentially a "Death Warrant," while Plaintiff was serving time. **(EXHIBIT E)**
>
> Id.

According to Plaintiff, in 1997 Defendant Ramsey "continued his campaign of harassment" by directing Code Enforcement Officers to make unannounced visits to Plaintiff's residence over a two-year period. Id. Plaintiff states that this occurred "[w]hile the Butte County Planning Commission and the Butte County Board of Supervisors wrongfully delayed Plaintiff use permit for a wedding facility use along with a concert venue." Id. Plaintiff claims:

> Finally, Plaintiff was so exhausted and distraught over the harassment along with the Board of Supervisor's ridiculous 38 conditions of operation he sued the County for continued harassment. Listing the Code Enforcement Officers, along with Defendant Michael Ramsey out of the 8 Defendants. **(EXHIBIT K)**. Attorneys for Plaintiff Clayton Gunn Jr. were Robert Noel and Marjorie Knowler from San Francisco. The case was dropped due to the fact Plaintiff attorneys were in jail because of the dog mauling that occurred at their residence.
>
> Id. at 17.

Plaintiff states that, he "ultimately accomplished a County wide initiative to eliminate the over burdensome and restrictive use permit." Id. In support of this contention, Plaintiff cites Exhibits L and Z. See id.

Next, Plaintiff claims that he was "falsely and maliciously" arrested in 2006 on four felony counts of child endangerment, cultivation of marijuana, marijuana for sale, and felon in possession of ammunition. See id. According to Plaintiff:

> Plaintiff lived at a separate residence on ranch property and was confronted with over 20 laser dots on his chest from the Butte County Interagency Task Force. Plaintiff did not resist or he would have been shot. Plaintiff was arrested and charged even though he had nothing to due [sic] with children, marijuana, or being a Felon in possession of a

> firearm. Defendant Michael Ramsey proved he had personal knowledge of the false charges specifically to ammunition charges shown by his personal statements to the press regarding Plaintiff in referring to the specific charges and why he dismissed them. **(EXHIBIT J)**
>
> Id.

Plaintiff alleges that, in 2016 and 2017, the Butte County Sheriff's Department kept harassing him by making unannounced visits to his residence in a "bogus" investigation over adult abuse concerning his mother, Marilyn Gunn. See id. Plaintiff contends that deputies arrived several times to "falsely charge" him but never arrested him because his mother was in the hospital. See id. at 17-18. Finally, Plaintiff alleges that, in 2019, he was wrongfully arrested and charged with being a felon in possession of a firearm and ammunition. See id. at 18. In support of this last allegation, Plaintiff cites Exhibit I, which was not attached to the first amended complaint and is not attached to the second amended complaint. See id.

In his second amended complaint, Plaintiff outlines the following eight legal theories:

| | |
|---|---|
| First Claim | Administrative Malicious Prosecution and Judicial Malicious Prosecution[2] |
| Second Claim | False Arrest[3] |
| Third Claim | False Imprisonment[4] |
| Fourth Claim | Cruel and Unusual Punishment[5] |
| Fifth Claim | Intentional Infliction of Emotional Distress[6] |
| Sixth Claim | Violation of Due Process[7] |

---

[2] Plaintiff's current first claim for Judicial Malicious Prosecution was styled in the first amended complaint as Plaintiff's separate second claim for relief, which the District Judge dismissed with prejudice as duplicative of Plaintiff's claim of administrative malicious prosecution.

[3] This claim was styled as Plaintiff's third claim for relief in the first amended complaint.

[4] This claim was styled as Plaintiff's fourth claim for relief in the first amended complaint.

[5] This claim was styled as Plaintiff's fifth claim for relief in the first amended complaint.

[6] This claim was styled as Plaintiff's sixth claim for relief in the first amended complaint.

[7] This claim was styled as Plaintiff's seventh claim for relief in the first amended complaint.

| | |
|---|---|
| Seventh Claim | Defamation and False Light[8] |
| Eighth Claim | Campaign of Harassment of Violation of Civil Rights[9] |

See id. at 18-43.

Attached to the second amended complaint and referenced throughout are the following exhibits, almost all of which were also attached to and referenced in the first amended complaint:[10]

| | |
|---|---|
| Exhibit A | A felony criminal complaint filed in the Butte County Superior Court on February 22, 2019, in case no. 19CE01039. |
| Exhibit B | Court minutes for an October 10, 2000, proceeding in case no. SCM008054. |
| Exhibit C | A January 21, 1998, "Plea of Guilty/No Contest – Felony" form in case no. CM8054. |
| Exhibit D | A "Criminal Case Summary" for case no. SCM008054. |
| Exhibit E | An April 8, 1999, Butte County Sheriff's Office "Briefing Bulletin" issued for Clayton E. Gunn, Jr. |
| | A felony criminal complaint filed in the Butte County Municipal Court on August 27, 1996, against Clay Edward Gunn, Jr., in case no. CM008054. |
| Exhibit F | A copy of the text of California Penal Code § 13125. |
| Exhibit G | A copy of the text of California Penal Code §§ 11115-11117. |
| Exhibit H | A copy of the text of California Penal Code § 13151. |
| | A felony criminal complaint filed in the Butte County Superior Court on October 20, 2006, against Cathy Dawn Garcia, Clay Edward Gunn, Marilyn Lila Gunn, and William Richard Tovar, in case no. CM025884. |
| Exhibit J | A newspaper article entitled "Gunn cleared on marijuana charges." |
| Exhibit K | A newspaper article entitled "Local promoter files suit against county." |

[8] This claim was styled as Plaintiff's eighth claim for relief in the first amended complaint.

[9] This claim was styled as Plaintiff's ninth claim for relief in the first amended complaint.

[10] No exhibits are denoted as "Exhibit I," "Exhibit O," "Exhibit P," "Exhibit Q," "Exhibit R," "Exhibit S," "Exhibit T," "Exhibit U," "Exhibit V," "Exhibit W," or "Exhibit X."

| | |
|---|---|
| Exhibit L | A newspaper article regarding the "Field of Dreams" initiative. |
| Exhibit M | A September 18, 2019, letter from the Law Enforcement Unit of the California Bureau of Firearms. |
| Exhibit N | A December 19, 2019, receipt from Madison Home Pharmacy. |
| Exhibit Y | A Butte County Sheriff's Office felony report dated February 19, 2019, related to "Case 19-01253.". |
| Exhibit Z | A list of concert venues. |

See id. at 46-90.

### III. STANDARDS FOR MOTION TO DISMISS

In considering a motion to dismiss, the Court must accept all allegations of material fact in the complaint as true. See Erickson v. Pardus, 551 U.S. 89, 93-94 (2007). The Court must also construe the alleged facts in the light most favorable to the plaintiff. See Scheuer v. Rhodes, 416 U.S. 232, 236 (1974); see also Hosp. Bldg. Co. v. Rex Hosp. Trustees, 425 U.S. 738, 740 (1976); Barnett v. Centoni, 31 F.3d 813, 816 (9th Cir. 1994) (per curiam). All ambiguities or doubts must also be resolved in the plaintiff's favor. See Jenkins v. McKeithen, 395 U.S. 411, 421 (1969). However, legally conclusory statements, not supported by actual factual allegations, need not be accepted. See Ashcroft v. Iqbal, 129 S. Ct. 1937, 1949-50 (2009). In addition, pro se pleadings are held to a less stringent standard than those drafted by lawyers. See Haines v. Kerner, 404 U.S. 519, 520 (1972).

Federal Rule of Civil Procedure 8(a)(2) requires only "a short and plain statement of the claim showing that the pleader is entitled to relief" in order to "give the defendant fair notice of what the . . . claim is and the grounds upon which it rests." Bell Atl. Corp v. Twombly, 550 U.S. 544, 555 (2007) (quoting Conley v. Gibson, 355 U.S. 41, 47 (1957)). However, in order to survive dismissal for failure to state a claim under Rule 12(b)(6), a complaint must contain more than "a formulaic recitation of the elements of a cause of action;" it must contain factual allegations sufficient "to raise a right to relief above the speculative level." Id. at 555-56. The complaint must contain "enough facts to state a claim to relief that is plausible on its face." Id. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the

court to draw the reasonable inference that the defendant is liable for the misconduct alleged." Iqbal, 129 S. Ct. at 1949. "The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." Id. (quoting Twombly, 550 U.S. at 556). "Where a complaint pleads facts that are 'merely consistent with' a defendant's liability, it 'stops short of the line between possibility and plausibility for entitlement to relief." Id. (quoting Twombly, 550 U.S. at 557).

In deciding a Rule 12(b)(6) motion, the Court generally may not consider materials outside the complaint and pleadings. See Cooper v. Pickett, 137 F.3d 616, 622 (9th Cir. 1998); Branch v. Tunnell, 14 F.3d 449, 453 (9th Cir. 1994). The Court may, however, consider: (1) documents whose contents are alleged in or attached to the complaint and whose authenticity no party questions, see Branch, 14 F.3d at 454; (2) documents whose authenticity is not in question, and upon which the complaint necessarily relies, but which are not attached to the complaint, see Lee v. City of Los Angeles, 250 F.3d 668, 688 (9th Cir. 2001); and (3) documents and materials of which the court may take judicial notice, see Barron v. Reich, 13 F.3d 1370, 1377 (9th Cir. 1994).

Finally, leave to amend must be granted "[u]nless it is absolutely clear that no amendment can cure the defects." Lucas v. Dep't of Corr., 66 F.3d 245, 248 (9th Cir. 1995) (per curiam); see also Lopez v. Smith, 203 F.3d 1122, 1126 (9th Cir. 2000) (en banc).

## IV. DISCUSSION

In their motion to dismiss Plaintiff's second amended complaint, Defendants argue each of the eight claims raised fail.

### A. First Claim – Malicious Prosecution

In his first claim, Plaintiff alleges that Defendant Ramsey was the Butte County District Attorney at the time of Plaintiff's arrest on February 19, 2019. See ECF No. 29, pg. 19. According to Plaintiff, Defendant Ramsey's failure to "exercise proper training and discipline under his administrative duty" allowed Defendant Tufaro, a Deputy District Attorney at the time, to act outside the scope of his duty and initiate Plaintiff's prosecution. Id. Plaintiff claims

Defendant Tufaro intentionally suppressed exculpatory evidence. See id. More specifically, Plaintiff alleges that it was a matter of public record at the time that Plaintiff was not a convicted felon. See id. Plaintiff cites Exhibits F, G, and H in support of these allegations. See id.

Plaintiff further alleges that Defendant Butte County Superior Court – which has been dismissed with prejudice as immune – is "responsible and should be held accountable for administrative failure to follow the law. . . ." Id. at 20. Plaintiff cites Exhibit M in support of this allegation.

Next, Plaintiff claims Defendant Butte County is liable for failing to train, supervise, and discipline the Butte County Superior Court. See id.

Plaintiff also contends in his first claim that Defendant Butte County Sheriff's Department and Defendant Honea, who was the Butte County Sheriff at the time, are "culpable as administrators to allow such appalling conduct by Deputy Thao," who prepared the police report relating to Plaintiff's arrest in February 2019. Id. at 20-21.

Finally, Plaintiff alleges that Defendants Thao and Tufaro are liable as co-conspirators in bringing wrongful charges. See id. at 21-22.

In addressing this claim in the context of Defendants' motion to dismiss the first amended complaint, the Court stated:

> A claim for malicious prosecution under § 1983 requires the plaintiff to allege: (1) the defendant initiated a criminal prosecution of the plaintiff with a malicious motivation to deny the plaintiff of equal protection or another constitutional right; (2) the prosecution lacked probable cause; and (3) the prosecution was terminated in such a manner as to indicate the plaintiff's innocence. See Awabdy v. City of Adelanto, 368 F.3d 1062, 1066 (9th Cir. 2004); see also Freeman v. City of Santa Ana, 68 F.3d 1180, 1189 (9th Cir. 1995). The presence of probable cause is an absolute defense to a claim of malicious prosecution. See Haupt v. Dillard, 17 F.3d 285 (9th Cir. 1994). As the Supreme Court noted in Heck v. Humphrey, the lack of probable cause is an essential element of a malicious prosecution claims. See 512 U.S. 477, 484 n.4.
>
> Any liability for malicious prosecution necessarily relies on the conduct of the individual defendants – the Butte County Sheriff (Defendant Honea), the arresting Deputy Sheriff (Defendant Thao), the Butte County District Attorney (Defendant Ramsey), and the Deputy District Attorney (Defendant Tufaro) – who are alleged to have been responsible for Plaintiff's prosecution. . . .
>
> * * *

> The gravamen of Plaintiff's claim is that his arrest was based on information that was untrue. Inferring from this that any arrest warrant was issued without probable cause, Plaintiff has not alleged facts to show that any of the individual defendants did so with the intent to deprive Plaintiff of equal protection or any other constitutional right, an essential element of a malicious prosecution claim under § 1983. Rather, Plaintiff very specifically alleges the individual defendants acted in order to please Defendant Ramsey. Plaintiff has not explained how pleasing Defendant Ramsey amounts to an abrogation of rights guaranteed under the Constitution. Moreover, while Plaintiff alleges that he had been cleared on the charges that led to the malicious prosecution arising from the February 2019 arrest, Plaintiff has not alleged that such prosecution concluded in a way to indicate Plaintiff's innocence, also an essential element.
>
> ECF No. 27, pgs. 9-11.

The District Judge dismissed Plaintiff's malicious prosecution claim with leave to amend for the reasons outlined above. See ECF No. 28, pg. 2.

In the instant motion to dismiss Plaintiff's second amended complaint, Defendants note that Plaintiff's current allegations are the same as those set forth in the first amended complaint, which the Court dismissed with leave to amend on the possibility Plaintiff could plead additional facts to state a claim. See ECF No. 30-1, pg. 13. Plaintiff has failed to do so in his second amended complaint. In particular, Plaintiff continues to fail to plead any facts showing that the February 19, 2019, arrest was accomplished in the absence of probable cause or that the resulting criminal proceeding concluded in such a way as to show Plaintiff's innocence. These defects are fatal to Plaintiff's malicious prosecution claim as against all defendants.

Because Plaintiff was provided an opportunity to amend to plead additional facts to state a claim for malicious prosecution, and because Plaintiff has failed to do so in the second amended complaint, it does not appear that Plaintiff can plead sufficient facts. Plaintiff's malicious prosecution claim should be dismissed in its entirety without further leave to amend.

**B. Second and Claim – False Arrest**

In his second claim, Plaintiff alleges that Defendant Thao is liable for false arrest because he "did not have an 'honest and reasonable belief in the charges'" leading to the February 19, 2019, arrest. ECF No. 29, pgs. 24-25. According to Plaintiff, Defendant Thao failed to make a reasonable inquiry and wrongfully arrested Plaintiff. See id. at 25. Specifically, Plaintiff again states that at the time of his February 2019 arrest, he was not a convicted felon, a fact which

Defendant Thao knew. See id.

In addressing this claim in the context of Defendants' motion to dismiss the first amended complaint, the Court dismissed the claim because it relied on allegations made in Plaintiff's original complaint which had been superseded by amendment. See ECF No. 27, pgs. 14-15. The District Judge agreed that reference to a superseded pleading was improper. See ECF No. 28, pgs. 1-2. The District Judge dismissed Plaintiff's false arrest claim with leave to amend to allege facts that allow the Court to infer that Plaintiff was detained without probable cause. See id. at 3 (citing Baker v. McCollan, 433 U.S. 137, 143 (1979)).

In the current motion to dismiss, Defendants argue the second amended complaint fails to state a claim for false arrest because Plaintiff has not pleaded the lack of probable cause, which is a necessary element. See ECF No. 30-1, pgs. 16-17. According to Defendants, Deputy Thao's police report of the February 19, 2019, arrest, which Plaintiff references in support of this claim and attaches to the second amended complaint as Exhibit Y, establishes the presence of probable cause, thereby defeating Plaintiff's false arrest claim as a matter of law. See id.

Defendants' argument is persuasive. A false arrest claim cannot stand where there is probable cause for the arrest. See Baker, 443 U.S. at 145; see also Garcia v. County of Merced, 632 F.3d 1206, 1209 (9th Cir. 2011). In Baker, the Supreme Court upheld the dismissal of a false arrest claim based on mistaken identity. See Baker, 443 U.S. at 145. Here, Defendant Thao's police report of the February 19, 2019, arrest, attached to the second amended complaint as Exhibit Y, shows: (1) prior to contacting Plaintiff in person in response to Plaintiff's call for assistance removing Mark Kramer from Plaintiff's property, Thao asked dispatch to run a records check which revealed Plaintiff had a prior felony conviction; (2) upon arriving at Plaintiff's residence, Thao noticed a rifle on Plaintiff's porch; (3) Plaintiff admitted to being in possession of the rifle for several years; and (4) at the time, Plaintiff's criminal record did not reflect any prior felony conviction having been expunged or reduced to a misdemeanor. See ECF No. 29, pg. 88 (Exhibit Y).

/ / /

/ / /

Accepting as true the allegation that the prior felony conviction had in fact been reduced to a misdemeanor, the facts alleged nonetheless show that, even though based on a mistaken belief, the facts Thao thought were true at the time – that Plaintiff was a convicted felon in current possession of a firearm – clearly establish probable cause supporting Plaintiff's arrest in February 2019. Similar to Baker, where mistaken identity could not support a false arrest claim otherwise based on probable cause, Thao's mistaken belief that Plaintiff had in fact been convicted of a felony does not support a false arrest claim. Based on the allegations contained in the second amended complaint, Plaintiff's arrest in February 2019 for being a felon in possession was based on probably cause supported by facts believed to be true at the time of the arrest. Plaintiff's false arrest claim should be dismissed as against all defendants with prejudice.

**C. Third Claim – False Imprisonment**

In his third claim, Plaintiff contends that the wrongful arrest on February 19, 2019, resulted in a false imprisonment. See ECF No. 29 pgs. 31-32. As with Plaintiff's false arrest claim, the District Judge dismissed Plaintiff's false imprisonment claim for failure to plead facts to allow the Court to infer that Plaintiff was detained without probable cause. See ECF No. 28, pg. 3. And as with Plaintiff's second claim, Defendants now contend Plaintiff's third claim necessarily fails because the facts alleged and, particularly Defendant Thao's report attached as Exhibit Y, establish Plaintiff's arrest and detention were based on probable cause. For the reasons discussed above as to the second claim, Defendants' argument is persuasive. Plaintiff's third claim should be dismissed as against all defendants with prejudice.

**D. Fourth Claim – Cruel and Unusual Punishment**

In his fourth claim, Plaintiff alleges he did not receive "immediate medical care" while confined at the Butte County Jail, in violation of the Eighth Amendment. See ECF No. 29, pg. 34. The District Judge dismissed this claim with leave to amend, concluding that Plaintiff had failed to allege facts showing he was being confined in the Butte County Jail pursuant to a conviction. See ECF No. 28, pg. 3 (citing Bell v. Wolfish, 441 U.S. 520, 535-36 (1979)). In the second amended complaint, Plaintiff clearly alleges that his claim arises under the Eighth Amendment. See e.g. ECF No. 29, pg. 33 (alleging Defendants are liable for "cruel and unusual

punishment under the U.S. Constitution under the Eighth Amendment"). Plaintiff does not, however, as with the first amended complaint, allege that he was in custody *pursuant to a conviction* at the times he states he received inadequate medical care at the Butte County Jail.

Because Plaintiff was provided an opportunity to amend to plead additional facts related to his confinement at the Butte County Jail, and because Plaintiff has failed to do so in the second amended complaint, it does not appear that Plaintiff can plead sufficient facts to state a claim under the Eighth Amendment. Plaintiff's fourth claim should be dismissed in its entirety without further leave to amend.

**E. Fifth Claim – Intentional Infliction of Emotional Distress**

In his fifth claim, Plaintiff alleges the denial of immediate medical care outlined in his fourth claim also constitutes the state law tort of intentional infliction of emotional distress. See ECF No. 29, pgs. 36-38. The District Judge dismissed this claim with leave to amend as derivative of Plaintiff's federal claims. See ECF No. 30, pg. 3. In the instant motion to dismiss the second amended complaint, Defendants argue: (1) Plaintiff's state law claim fails because Plaintiff has not affirmatively pleaded compliance with California's Government Claims Act, Cal. Gov't Code § 905; and (2) Plaintiff fails to allege facts to show Defendants' conduct was extreme or outrageous. See ECF No. 30-1, pgs. 20-22.

Defendants' arguments are persuasive. A review of the second amended complaint reflects Plaintiff alleges no facts related to compliance with California's Government Claims Act. Moreover, the facts alleged do not suggest outrageous or extreme conduct. Finally, as the District Judge concluded in considering the first amended complaint, Plaintiff's state law tort claim is derivative of Plaintiff's federal claim related to medical care which, for the reasons discussed above, is not sufficiently pleaded. Plaintiff's fifth claim should be dismissed in its entirety without further leave to amend.

/ / /

/ / /

/ / /

/ / /

**F. Sixth Claim – Violation of Due Process**

In his sixth claim, Plaintiff alleges the conduct outlined elsewhere in the second amended complaint amounts to violation of his due process rights. See ECF No. 29, pgs. 38-40. The District Judge dismissed this claim with leave to amend for failure to set forth a short and plain statement of Defendants' liability pursuant to Federal Rule of Civil Procedure 8(a)(2). See ECF No. 28, pg. 3. The second amended complaint continues to suffer from this defect. Moreover, as Defendants argue, Plaintiff has not pleaded specific facts to show that he was deprived of a life, liberty, or property interest necessary to support a due process claim. See Board of Regent of State Colleges v. Roth, 408 U.S. 564, 577 (1972).

Because Plaintiff was provided an opportunity to amend to plead a short and plain statement of his due process claim, and because Plaintiff has failed to do so in the second amended complaint, it does not appear that Plaintiff can plead sufficient facts to state a claim for violation of due process. Plaintiff's sixth claim should be dismissed in its entirety without further leave to amend.

**G. Seventh Claim – Defamation and False Light**

In his seventh claim, Plaintiff alleges state law torts of defamation and false light. See ECF No. 29, pgs. 40-42. According to Plaintiff, Defendants' conduct resulted in him being falsely portrayed as a convicted felon. See id. at 41. Plaintiff alleges this false portrayal was published in the form of the February 2019 charges. See id. As with Plaintiff's intentional infliction of emotional distress claim, the District Judge dismissed Plaintiff's defamation and false light claim with leave to amend as derivative of Plaintiff's federal claims. See ECF No. 28, pg. 3. In the current motion to dismiss, Defendants argue Plaintiff's seventh claim fails because an action for damage to reputation can only be sustained under § 1983 when the plaintiff alleges an actual loss of a recognizable property or liberty interest as the result of the claimed damage to reputation. See ECF No. 30-1, pg. 23.

/ / /

/ / /

/ / /

Defendants' argument is persuasive. Here, while Plaintiff vaguely claims Defendants are liable for defamation and false light in connection with the conduct alleged elsewhere in the second amended complaint, Plaintiff does not allege any actual injury. See American Consumer Pub. Ass'n, Inc. v. Margosian, 349 F.3d 1122, 1125-26 (9th Cir. 2003). Moreover, as the District Judge concluded, Plaintiff's seventh claim is derivative of his federal claims which, as discussed above, are deficient. Plaintiff's seventh claim should be dismissed in its entirety without further leave to amend.

**H. Eighth Claim – Campaign of Harassment and Violation of Civil Rights**

In his eighth claim, Plaintiff alleges Defendants' conduct resulted in a violation of his right to equal protection. See ECF No. 29, pgs. 42-43. As with Plaintiff's sixth claim, the District Judge dismissed this claim with leave to amend for failure to provide a short and plain statement of Defendants' liability, as required by Rule 8. See ECF No. 28, pg. 3. The second amended complaint, which is nearly identical to the first amended complaint, continues to suffer this defect. Plaintiff's eighth claim should be dismissed in its entirety without further leave to amend.

## V. CONCLUSION

Based on the foregoing, the undersigned recommends that Defendants' motion to dismiss, ECF No. 30, be granted.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within 14 days after being served with these findings and recommendations, any party may file written objections with the Court. Responses to objections shall be filed within 14 days after service of objections. Failure to file objections within the specified time may waive the right to appeal. See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: August 25, 2021

DENNIS M. COTA
UNITED STATES MAGISTRATE JUDGE